IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHEROD PETERSON,

    Petitioner,

v.                                                                                                                             No. 1:21-cv-01156-JDB-jay

KEVIN GENOVESE,

    Respondent.

ORDER DISMISSING § 2241 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

The Petitioner, Sherod Peterson, a Tennessee prisoner, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2241. (Docket Entry ("D.E.") 1.) For the following reasons, the Petition is DISMISSED.

Peterson asserts that he is currently serving a state sentence in a Tennessee prison for a conviction arising from the same conduct underlying his federal conviction in *United States v. Peterson*, Case No. 1:19-cr-10137-JDB-1 (W.D. Tenn.). He maintains that the state court directed that his state sentence run concurrently with his pre-existing federal sentence.[1] He

---

[1] "Pursuant to [the primary jurisdiction] doctrine, the sovereign that first arrests an individual has primary control or custody over him; its claim over him has priority over all other sovereigns that subsequently arrest him; it is entitled to have him serve a sentence that it imposes, before he serves any sentence imposed by another sovereign; and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign." *Williams v. Wilson*, Civil No. 6:10-CV-275-GFVT, 2011 WL 2560274, at *2 (E.D. Ky. June 28, 2011) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-62 (1922)). Although Peterson's state sentence was imposed after the federal sentence and judgment of conviction were entered, it appears that the State of Tennessee had, and continues to have, primary jurisdiction over him. Specifically, the Petition alleges that the related state charges were brought on October 16, 2019, and the record in the federal criminal case shows that the federal indictment was returned on November 18, 2019. In addition, the United States magistrate judge's December 3, 2019, writ of habeas corpus prosequendum indicated

requests that the Court order the "U.S. Marshal[]s [to] come and get [him], so [his] Federal time can start running." (D.E. 1 at PageID 2.)

Peterson has no constitutional entitlement to serve his state sentence in a federal facility and the Tennessee "state court's expressed desire to have its sentence run concurrently with a pre-existing federal sentence [is] unenforceable and devoid of any practical effect." *Moss v. Kizziah*, Civil No. 6:19-231-HRW, 2019 WL 4891033, at *2 (E.D. Ky. Oct. 3, 2019) (quoting *Simms v. United States*, No. 08-cv-43-HRW, 2009 WL 3061994, at **4-5 (E.D. Ky. 2008)); *see also Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (per curiam) ("No binding legal authority requires the federal [Bureau of Prisons ("BOP")] or the United States Attorney General to comply with a state court's sentencing order that his federal sentence run concurrently with his state sentences, and no authority requires federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence"); *Leal v. Tombone*, 341 F.3d 427, 429-30 (5th Cir. 2003) (per curiam) (federal prison officials may refuse to accept a state prisoner until he has served his state sentence). Because no authority exists for this Court to direct the United States Marshals Service or the BOP to take custody of Peterson, or to require the State of Tennessee to relinquish its custody of him, the Petition is DISMISSED.[2]

---

that Peterson was being detained in the Madison County, Tennessee, jail.  (*Peterson*, Case No. 1:19-cr-10137-JDB-1 (W.D. Tenn. Dec. 3, 2019) D.E. 4.)

[2]Petitioner may nevertheless request the BOP to designate his state institution as the place for service of his federal sentence.  *See* 18 U.S.C. § 3621(b) (BOP has discretion to "designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise," as the place for service of a defendant's federal sentence).

2

APPEAL ISSUES

"[A] state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 must obtain a [certificate of appealability ("COA")] before appealing" the district court's decision.³ *Greene v. Tenn. Dept. of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

---

³A federal prisoner seeking relief under § 2241 need not obtain a COA. *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009). Although Peterson challenges the execution of his federal sentence, he is not yet a federal prisoner and his current detention arises out of process issued by a state court. The Court therefore assesses whether Petitioner is entitled to a COA.

3

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[4]

IT IS SO ORDERED this 26th day of April 2022.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.